UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON GROOMS,

    Petitioner,

v.                                        Case No. 8:07-cv-1943-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

## O R D E R

Grooms petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his conviction for possession of a firearm by a violent career criminal. The petition asserts only one ground for relief. The respondent argues (Doc. 7) both that Grooms failed to present a federal claim to the state courts and that state court remedies remain available. Grooms moves (Doc. 10) to stay his petition pending exhaustion of his state remedies.

A petitioner must present each claim to the state courts before raising the claim in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995), quoting Picard v. Connor, 404 U.S. 270, 275 (1971). Accord Rose v. Lundy, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and

Upshaw v. Singletary, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.").

Grooms failed to present his federal claim to the state courts. Grooms alleges in his federal petition that the trial court denied him a fair trial by excluding certain hearsay evidence, but in state court Grooms alleged that the trial court abused its discretion in rejecting the hearsay evidence; Grooms failed to allege a federal claim in his direct appeal. Briefing an issue as a matter of state law is not sufficient to exhaust a federal claim on the same grounds.

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. at 365-66. Consequently, the only ground for relief asserted in the petition is unexhausted.

Grooms moves (Doc. 10) for a stay so that he can return to state court to exhaust his available state court remedies. When a petition contains both exhausted and unexhausted grounds (commonly called a "mixed petition"), a stay is sometimes appropriate. Rhines v. Weber, 544 U.S. 269 (2005) ("[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."). However, Grooms's petition is not a mixed

Case 8:07-cv-01943-SDM-TGW   Document 11   Filed 01/16/08   Page 3 of 4 PageID 69

petition because the only ground asserted in the petition is unexhausted. Consequently, dismissal is required.

Grooms still has time to exhaust his state court remedies and timely present a federal petition. The Anti-Terrorism and Effective Death Penalty Act created a new limitation period for petitions for the writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Because the direct appeal concluded on June 6, 2007, Grooms's one-year limitation period started on September 4, 2007,[1] and will expire in approximately eight months, absent tolling for a state post-conviction proceeding.[2] Consequently, dismissal of this federal petition is not tantamount to a dismissal with prejudice because the statute of limitation has not run.

---

[1] The one-year statute of limitation starts ninety days after the decision on direct appeal, which represents the time allowed for filing a petition for the writ of certiorari. 28 U.S.C. § 2244(d)(1)(A); Bond v. Moore, 309 F.3d 770 (11th Cir. 2002); Jackson v. Sec. Dept. Corr., 292 F.3d 1347 (11th Cir. 2002).

[2] Although the one-year period of limitation is tolled while a properly filed application for state post-conviction relief is pending, Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the one-year limitation is not tolled while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167 (2001).

Accordingly, Grooms's "Motion for Stay and Abeyance" (Doc. 10) is **DENIED**.

The petition for the writ of habeas corpus (Doc. 1) is **DISMISSED without prejudice**.

The clerk shall enter a judgment against Grooms and close this action.

ORDERED in Tampa, Florida, on January 16, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE